358 P.2d 703

William D. DURIO, Plaintiff-Appellant,

v.

Richard K. JOHNSON, Defendant-Appellee.

No. 6808.

Supreme Court of New Mexico.

Jan. 19, 1961.

---

E. Forrest Sanders, Wm. W. Bivins, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellee.

COMPTON, Chief Justice.

Formerly the parties were partners engaged in the practice of veterinary medicine with offices at Las Cruces. After the dissolution of the partnership, the appellant, plaintiff below, brought this action to recover judgment for the agreed purchase price of his interest in the partnership sold by him to appellee, defendant below, pursuant to the terms of a contract which reads:

"Assignment and Contract of Sale

"State of New Mexico } Know All Men
"County of Dona Ana. } by These Presents:

"That Whereas, William D. Durio has agreed to sell, transfer and assign to Richard K. Johnson, all of his right, title and interest in and to the veterinary practice and business, which the said William D. Durio and Richard K. Johnson have been conducting at 500 La Colonia Avenue, Las Cruces, New Mexico, under the name and style of Durio & Johnson,

"Now, Therefore, in consideration of the sum of Twelve Thousand Fifty-eight and 81/100 ($12,058.81) Dollars, paid and to be paid as hereafter provided, the said William D. Durio, hereafter referred to as Durio, does hereby sell, assign and transfer to Richard K. Johnson, hereafter referred to as Johnson, all of the right, title and interest of the said Durio in and to the veterinary practice, business and good will which the said Durio and Johnson have been conducting under the name and style of Durio & Johnson, at 500 La Colonia Avenue, Las Cruces, New Mexico,

"Subject, However, to the Following
Terms and Conditions:

"1. The sum of $8,826.22, in cash upon the signing of this Contract, and the remainder of said total consideration of $12,058.81, is to be evidenced by a promissory note in the principal amount of $3,232.59, dated October 10, 1958, bearing interest at the rate of 6 per cent per annum from the date on the unpaid balances, and due and payable on or before two years after date, interest to be payable semi-annually.

"2. Durio agrees that he will not practice veterinary medicine, or be associated with anyone practicing vet-

erinary medicine, within a radius of ten miles of Las Cruces, New Mexico, for a period of ten years from date of this agreement.

"3. Durio agrees that on all accounts receivable of the firm of Durio and Johnson, now outstanding, which arose or were charged between the dates of April 1, 1958 and September 30, 1958, which have not been paid or which Johnson has not been able to collect by October 15, 1959, that upon notification by Johnson of the total amount thereof, he, Durio, will promptly pay to Johnson one-half of said total amount so uncollected.

"4. It is understood and agreed that Durio and Johnson each will keep such veterinary instruments, articles of equipment and supplies as he individually owns and has paid for, and that all of the rest of the instruments, equipment, drugs, medicines and supplies now on hand for use in the business of Durio & Johnson, the said Durio and Johnson will divide equally between themselves, and each shall have said one-half thereof as his own separate property.

"5. That possession of the veterinary practice and business, covered by this instrument, shall be assumed by Johnson as of October 1, 1958.

"Executed in Duplicate, this —— day of October, 1958.

"/s/ William D. Durio
_____
William D. Durio

"/s/ Richard K. Johnson
_____
Richard K. Johnson"

The complaint alleges that the plaintiff had fully complied with all the terms of the contract, and that the defendant had defaulted therein and judgment was sought for the amount due. The defendant admitted the execution of the contract as alleged but interposed various defenses: that the contract was nudum pactum, unilateral, void and without consideration.

At the conclusion of plaintiff's case, the trial court sustained a motion to dismiss the action with prejudice on the grounds that the assets of the partnership had been divided previously by mutual agreement, and that no other assets of the partnership existed which could have been assigned by the contract. The court then concluded that the contract was void, and without consideration because "good will of a professional partnership is an item that cannot be sold to another partner."

The correctness of the ruling of the court is challenged on appeal. The conclusion is clear that the trial court was laboring under a misapprehension as to the doctrine of good will as it applies to professional partnerships. In some jurisdictions the courts have held that good will exists

only in commercial or trade enterprises, but the better rule, and the one we recognize, appears to be that good will also exists in professional practice, or in business founded upon personal skill and reputation and is salable.

While the parties by mutual agreement had divided the supplies, medicines and instruments used in the partnership business on a 50-50 basis, the sale by the plaintiff of his good will in the partnership was made in connection with the sale of the business and practice. Such being the case, good will was a sufficient consideration to support the contract. Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A. 1917B, 267. To the same effect see Evans v. Gunnip, Del., 135 A.2d 128, 65 A.L.R.2d 513; Clabaugh v. Heibner, Mo.App., 236 S.W. 396; Crutchett v. Lawton, 139 Cal. App. 411, 33 P.2d 839. See 24 Am.Jur., Good Will, § 11. Also see Annotation 58 A.L.R. 156, where the cases are assembled.

Further, we notice the plaintiff's agreement not to engage in the practice of veterinary medicine within a radius of 10 miles of Las Cruces for a period of 10 years. This agreement also was made in connection with the sale of the business and practice, and the evidence is clear that the plaintiff left Las Cruces, moved to Sierra County and had not thereafter engaged in the practice of veterinary medicine in the Las Cruces area. Consequently, such forbearance by the plaintiff is a sufficient consideration for the contract. Locke v. Murdoch, supra; Wester v. Trailmobile Co., 59 N.M. 73, 279 P.2d 526; Bauer v. Sawyer, 6 Ill.App.2d 178, 126 N.E.2d 844. See 12 Am.Jur., Contracts, § 81.

We should mention another finding of the trial court to the effect that no damages were alleged in the complaint and none was shown by the evidence. This is true, and the defendant makes much of this finding in this court. It is enough to say, however, that this was an action to recover the agreed purchase price and the question of damages had no place in the case. The findings must be set aside.

The judgment is reversed with directions to the lower court to reinstate the case upon the docket, enter an order overruling the motion to dismiss, and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

MOISE and NOBLE, JJ., not participating.