**In re the MARRIAGE OF Neil James NICHOLS, Appellee,**

**and**

**Glenna Ebersole Nichols, Appellant.**

**No. 78–716.**

Colorado Court of Appeals, Division III.

Dec. 6, 1979.

Rehearings Denied Dec. 28, 1979.

Certiorari Granted March 3, 1980.

Kruse & Lynch, Franklin E. Lynch, Colorado Springs, for appellee.

Cole, Hecox, Tolley, Edwards & Keene, Lawrence A. Hecox, Colorado Springs, for appellant.

BERMAN, Judge.

Wife appeals the trial court's valuation of marital property and award of maintenance. We reverse.

After twenty-five and one-half years of marriage, husband filed for dissolution. At the time of dissolution, husband was a dentist with a successful practice. The wife's expert witness testified that the husband's dental practice was worth between $29,000 to $31,000. This figure included a valuation of the goodwill of the practice as an intangible asset. The husband testified that the value of his practice was equipment value plus accounts receivable. The court accepted the husband's testimony and rejected the

wife's contention that goodwill should be included in the value of the practice, and valued the husband's practice at $10,560.

The trial court ordered the marital property to be divided equally. The family home, which had an equity value of $58,500 was awarded to wife upon payment of $16,-622.50 to husband within 90 days to bring husband's share up to 50%. Further, the trial court did not make explicit findings with respect to wife's employment capabilities, the standard of living during marriage, her ability to support herself, or husband's ability to meet his own needs and to assist wife in meeting her needs. Although wife requested maintenance of $1,671.87 per month, the court awarded her only $600 a month.

### I.

Wife's contention, that goodwill or "going concern" value, should have been included in the valuation of the husband's dental practice, presents a question of first impression in Colorado.

■ We start with the proposition that the purpose of division of marital property in a dissolution proceeding is to allocate to each spouse that property which, as a result of the marriage, should properly belong to him or her. *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978). The Uniform Dissolution of Marriage Act, C.R.S.1973, § 14–10–113, does not explicitly define marital property; however, in *Graham, supra*, the Supreme Court held that the General Assembly intended that the term "property" be liberally construed to be broadly inclusive. Thus, the issue before us is whether that portion by which the total value of a dental practice exceeds the market value of the furniture, fixtures, and accounts receivable, *i. e.*, the goodwill, constitutes marital property within the broad definition of property under § 14–10–113(2), C.R.S.1973.

The husband argues that his professional goodwill is analogous to an advanced educational degree which has been held not to be marital property subject to division. *In re Marriage of Graham, supra.* Husband fur-ther relies on *Nail v. Nail*, 486 S.W.2d 761, 52 A.L.R.3d 1338 (Tex.1972) for the proposition that professional goodwill is not an earned or vested property right, but is rather a mere expectancy that his present professional circumstances will continue. We do not so view goodwill in professions where practices are bought and sold.

■ Goodwill has traditionally been defined as an intangible property right incident to an on-going business with a locality or name. *Lerner v. Stone*, 126 Colo. 589, 252 P.2d 533 (1952). The underlying theory is that an on-going business has a value greater than its fixtures and accounts receivable, a value which is an asset of the business that can be sold. Such goodwill has been defined as the expectation of continued and repeated public patronage. *In re Marriage of Foster*, 42 Cal.App.3d 577, 117 Cal.Rptr. 49 (1974).

Professional practices that can be sold for more than the value of their fixtures and accounts receivables have salable goodwill. A professional, like any entrepreneur who has established a reputation for skill and expertise, can expect his patrons to return to him, to speak well of him, and upon selling his practice, can expect that many will accept the buyer and will utilize his professional expertise. These expectations are a part of goodwill, and they have a pecuniary value. *In re Marriage of Fleege*, 91 Wash.2d 324, 588 P.2d 1136 (1979). While we recognize that professional goodwill is not an asset which has an independent market value, it can, in conjunction with the assets of the practice, be sold. This limited marketability distinguishes professional goodwill from the advanced educational degree, which, because it is personal to its holder and is non-transferable, was held not to be property in *Graham, supra.*

Husband's contention, that professional goodwill is a mere expectancy is also without merit. The probability of continued patronage has a present market value to the purchaser of a professional practice. *In re Marriage of Lukens*, 16 Wash.App. 481,

558 P.2d 279 (1976). As long as husband continues to practice, the value of his professional goodwill, generated by his skill, effort and reputation, will continue to inhere in the practice after dissolution even as it did during the marriage. Further, husband will continue to reap the returns on the professional goodwill which, at the time of the dissolution, was associated with his dental practice. *Golden v. Golden*, 270 Cal.App.2d 401, 75 Cal.Rptr. 735 (1969). The fact that goodwill may be difficult to value, is elusive in nature, and is not easily marketable, is not a proper reason to disregard it in the valuation of the marital estate. *In re Marriage of Lukens, supra.* Evidence concerning sales of comparable dental practices, or of the basis upon which such practices are customarily sold, is relevant and material to determination of the value of this asset.

Therefore, we hold that in a division of marital property, the value of goodwill incident to husband's practice which is an asset acquired during his marriage, must be considered as marital property.

## II.

Wife also contends that the court's maintenance award of $600 per month, which resulted in husband realizing a $612 per month surplus while wife was forced to invade her separate property by $3972 per year, was, as a matter of law, an abuse of discretion. However, we do not decide here whether there was an abuse of discretion.

 The award of maintenance and the division of marital property were closely interrelated. And, where the issues of maintenance and property settlement are intertwined, if the trial court errs with respect to one, the entire order must be set aside. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972). Accordingly, here, because of the error in division of property, the maintenance award must also be set aside.

We have considered appellant's other contentions of error and in view of the fact that the case must be remanded, we do not believe they need any determination by us.

The orders for property division and maintenance are reversed, and the cause is remanded for a new hearing on disposition of property and on maintenance based on the effect of the new property division order. The present order concerning maintenance shall continue in effect as a temporary order pending entry of permanent orders by the trial court.

SMITH, J., concurs.

RULAND, J., specially concurs.

RULAND, Judge, specially concurring.

I agree that the goodwill value of husband's practice should be considered as marital property under the particular circumstances of this case. However, I perceive no abuse of discretion in the trial court's decision not to specify a dollar value for the goodwill for purposes of property division. This is because the trial court concluded that the other marital property should be divided equally between the parties, but that the goodwill should be a resource for the payment of maintenance. The court correctly observed:

"... [T]he going concern value [good will] is peculiarly tied to the names and skills of the Petitioner [husband] ... The Respondent will share in this income by way of maintenance, and to consider it in property settlement would allow her double consideration of that value."

However, because the trial court failed to make the findings requisite for an award of maintenance, *see* § 14–10–114, C.R.S.1973, I would remand the case for findings of fact on this issue only.