In re the MARRIAGE OF Mary Lou MARTIN, Appellee,

and

Robert Burton Martin, Appellant.

No. 83CA0525.

Colorado Court of Appeals, Div. III.

May 9, 1985.

Rehearing Denied June 6, 1985.

Certiorari Denied Oct. 15, 1985.

Myers, Woodford & Hoppin, P.C., Frederick J. Myers, Denver, for appellee.

Lawrence Litvak, P.C., Lawrence Litvak, Denver, for appellant.

BERMAN, Judge.

In this dissolution of marriage action, husband appeals the trial court's orders relative to the valuation of property and maintenance. We affirm.

After 23 years of marriage, wife filed for dissolution. At the time of the dissolution proceeding in late 1982, husband had his own business, acting as a consultant to public accounting firms in the areas of marketing and firm management. He also published a monthly newsletter for CPA's.

Both husband and wife presented the testimony of expert witnesses. Wife's expert testified that husband's consulting and publishing business were worth approximately $50,000. This figure included a $40,000 valuation of the business as an intangible asset. Husband's expert testified that husband's business had a value of the net worth of the tangible assets which was approximately $6,000. He further testified that the business had no intangible value. The trial court accepted wife's expert's testimony and valued the intangible assets of husband's business at $40,000.

The trial court divided the marital property and further awarded wife $1,250 per month maintenance.

### I.

Husband first contends that the trial court erred in valuing the intangible assets of his business at $40,000. We disagree.

Husband does not dispute that the goodwill of an on-going business which is acquired during marriage is an intangible asset to be considered in the division of marital property. *In re Marriage of Nichols*, 43 Colo.App. 383, 606 P.2d 1314 (1979) (cert. dismissed January 8, 1981). Husband argues, however, that the method of valuation used by wife's expert to arrive at the intangible worth of his business was improper.

Wife's expert determined the intangible value of husband's business by figuring the value to husband of the future income to be generated by the business, based on present dollars. He testified that this value was not what a buyer would pay for it; rather, it was the value of the business to husband.

Husband produced his own expert who stated that the business had no goodwill value. His opinion was based upon the fact that husband would make no profit after paying his own salary. Husband's expert reasoned that since there was no profit, there was nothing to capitalize, and no one would be willing to pay anything extra for the business. Therefore, he concluded there was no intangible value.

"The fact that goodwill may be difficult to value, is elusive in nature, and is not easily marketable, is not a proper reason to disregard it in the valuation of the marital estate." *In re Marriage of Nichols, supra.*

The value of goodwill is not necessarily dependent upon what a willing buyer would pay for such goodwill. *See In re Marriage of Fleege*, 91 Wash.2d 324, 588 P.2d 1136 (1979), citing *Golden v. Golden*, 270 Cal.App.2d 401, 75 Cal.Rptr. 735 (1969). The important consideration is whether husband's business has a value to him above and beyond the tangible assets. *See In re Marriage of Fleege, supra.*

Here, there was conflicting testimony regarding the value of husband's goodwill, and thus, that value was a question of fact to be resolved by the trial court as fact finder. The trial court's findings are supported by the record and do not constitute an abuse of discretion. Therefore, they will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

Husband next contends that the trial court abused its discretion or exceeded its statutory authority in awarding wife $1,250 per month permanent maintenance. We do not agree.

An award of maintenance is within the sound discretion of the trial court, and absent a clear abuse of discretion, we will not disturb its ruling on review. *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978); *In re Marriage of Jones*, 668 P.2d 980 (Colo.App.1983). Here, the trial court found that it would be equitable in view of the division of property for the income of husband and wife to be relatively equal. We do not agree with husband's contention that the trial court gave overriding consideration to the equalization of income factor in making its maintenance determination.

In awarding maintenance, the trial court found that wife could not earn more than she was earning at the time of dissolution and, thus, was unable to meet her needs and support herself in the manner to which she had become accustomed during the marriage. Although the court did not explicitly discuss any of the other factors provided in § 14–10–114, C.R.S., for determining maintenance, it did state that it had considered the statutory factors in awarding maintenance to wife.

The record establishes that the parties were married for over 22 years, that wife basically had worked only part time during the marriage, that husband's income was over three times that of wife's, that throughout the marriage wife cared for the house and children, that wife had kept husband's business books during the marriage, and that wife could not earn more than she was earning at her present job. We perceive no abuse of discretion in

the award of maintenance. *See In re Marriage of Sinn,* 696 P.2d 333 (Colo.1985).

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.