Enriqueta Chapa GUZMAN, Appellant,

v.

Julio Roberto GUZMAN, Appellee.

No. 13–90–360–CV.

Court of Appeals of Texas,
Corpus Christi.

March 5, 1992.

Rehearing Overruled April 2, 1992.

John Robert King, McAllen, for appellant.

Leo Montalvo, Montalvo & Ramirez, McAllen, Roberto M. Garcia, Garcia, Lopez & Rodriguez, Edinburg, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The issue presented in this appeal is whether professional goodwill is property subject to just and right division upon divorce. We hold that it is not and affirm.

The parties sought a divorce. The former husband owned a solo CPA practice containing goodwill. The trial court found that this goodwill did not exist independently of the former husband's professional ability, and did not divide it between the parties. The former wife appeals this ruling.

By her first point of error, appellant argues that the district court erred in failing to issue requested written findings of fact and conclusions of law. TEX. R.CIV.P. 296 and 297. Once a timely request is made and a reminder is filed by the party requesting findings of fact and conclusion of law, the trial judge is mandated to file such findings of fact and conclusions of law. *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989); *Anzaldua v. Anzaldua,* 742 S.W.2d 782, 783 (Tex.App.—Corpus Christi, 1987, writ denied).

Under the rules in effect at the time of trial, a trial judge's findings of fact and conclusions of law were due within thirty days after the judgment was signed. TEX. R.CIV.P. 297 (Vernon 1985). Failure by the trial judge to file the findings within the thirty days requires the requesting party to file a reminder to call the omission to the judge's attention. *Id.* In this case, it is undisputed that the appellant timely filed a request for findings of fact and conclusions of law and a subsequent reminder with the court. The trial judge, however, did not file findings of fact and conclusions of law as requested.

Appellant argues that there is a presumption that she has been harmed by the failure of the judge to make the requested findings of fact and conclusions of law. This presumption, she asserts, is only overcome if the record affirmatively shows that she has suffered no injury; which in this instance, she argues, it does not. Appellee responds that while in many instances it is reversible error for the trial judge to fail to make findings of fact and conclusions of law when requested, there is no reversible error when the record on appeal establishes that there has been no injury caused to the appellant by such failure. *See Fraser v. Golberg,* 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

In *Fraser,* the Beaumont Court of Appeals held that "it is not reversible as a matter of law for the trial court to completely fail to file findings of fact and conclusions of law." *Fraser,* 552 S.W.2d at 593. The court in *Fraser* relied on the old Rule 434 of the Texas Rules of Civil Procedure (now Rule 81(b)(1)[1] of the Texas Rules of Appellate Procedure) in coming to the conclusion that it is necessary to show injury in order to reverse the trial court for its failure to make findings of fact and conclusions of law. The Court agreed that there were situations in which findings of fact and conclusions of law are necessary in order for the appellant to properly present his case to the appellate court. If the case presented factually complicated situations in which there were two or more

---

1. Rule 81(b)(1) of the Texas Rules of Appellate Procedure provides:

No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of … was such as probably prevented the appellant from making a proper presentation of the case to the appellate court …

possible grounds for recovery or defense, an undue burden would be placed upon an appellant. The court, however, held that in the case before it "only one defense was pled, and no other defense was raised by the evidence." There was only one issue before the trial court at the time of trial and little dispute as to the factual situation. It found that the record before it affirmatively showed that the appellant suffered no injury by reason of the trial court's failure to make findings of fact and conclusions of law and was therefore "not prevented from making a proper presentation of the only issues in this case before this appellate court." *Fraser*, 552 S.W.2d at 594.

■ We agree with the court in *Fraser* that it is not reversible error as a matter of law for the trial court to fail to file findings of fact and conclusions of law. If it is clear from examining the complete record before this Court that appellant has not been deprived of the opportunity to properly present her case on appeal, then we see no reason for reversing the trial court's judgment or abating the appeal until such time as the trial court files findings of fact and conclusions of law. In this case, appellant ultimately complains of the trial court's failure to apportion goodwill. The record shows[2] that, on the issue of appellee's entitlement to goodwill, the only dispute is whether such goodwill is subject to just and right division.

We hold, therefore, that appellant suffered no injury by reason of the trial court's alleged failure to file findings of fact and conclusions of law and she has not been deprived of the opportunity to properly present her case to this appellate court. Point of error number one is overruled.

■ We now address point of error two, in which the former wife complains that the trial court erred in failing to divide professional goodwill between the parties

2. The record contains a letter from Judge Mancias to the parties indicating that the court did not apportion Mr. Guzman's goodwill between the parties because it did not exist independently from his professional ability. Appellee has not argued that this letter is in fact, a proper Rule 297 finding of fact and conclusion of law.

in its just and right division of the marital estate. TEX.FAM.CODE ANN. § 3.63 (Vernon 1972). Professional goodwill is conceptually distinct from that associated with a trade or business. *See Keith v. Keith*, 763 S.W.2d 950, 952 (Tex.App.—Fort Worth 1989, no writ). The Fourteenth Court of Appeals has defined professional goodwill as that which: attaches to the person as a result of the clients' confidence in professional skill or ability; does not possess value separate from the professional; and is extinguished at death, retirement or disablement. *Rathmell v. Morrison*, 732 S.W.2d 6, 17 (Tex.App.—Houston [14th Dist.] 1987, no writ). Whether goodwill exists is a question of fact. *Taormina v. Culicchia*, 355 S.W.2d 569, 575 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.).

In *Nail v. Nail*, 486 S.W.2d 761, 763–64 (Tex.1972), the Supreme Court of Texas held that professional goodwill was not property of the marital estate subject to division under TEX.FAM.CODE ANN. § 3.63, because the goodwill in that case did not exist independently of the professional's skills.

Subsequent decisions have refined the principles in *Nail*. Goodwill in a professional business is not considered part of the marital estate unless it exists independently of the professional's skills, and the estate is otherwise entitled to share in the asset. *See Hirsch v. Hirsch*, 770 S.W.2d 924, 927 (Tex.App.—El Paso 1989, no writ); *Finn v. Finn*, 658 S.W.2d 735, 740–41 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

■ Goodwill in a professional corporation which exists independently of a professional's personal skills may be subject to division. *Finn*, 658 S.W.2d at 740–41; *Geesbreght v. Geesbreght*, 570 S.W.2d 427, 435–36 (Tex.Civ.App.—Fort Worth 1978, writ dism'd).

*See Villa Nova Resort Inc. v. State*, 711 S.W.2d 120, 124 (Tex.App.—Corpus Christi 1986, no writ) (letter did comply with Rule 297). Thus, this argument was waived, and we do not address that issue. Our ruling that the error, if any, was harmless does not change the result.

Here the husband is the sole owner of the CPA firm. Thus, sufficient evidence supported the trial court's finding that the goodwill, if any, of the CPA firm did not exist independently from the husband. The former wife's second point of error is overruled.

By cross point, the husband argues for damages alleging that the appeal is frivolous. TEX.R.APP.P. 84. We disagree.

The former wife has cited *Nail*, the controlling Supreme Court of Texas decision on point, and has argued that it was wrongly decided. She requests that we change Texas law on this point.

Although we disagree, she has raised a legitimate argument for the change of existing law.[3] She argues that existing Texas law, which was candidly discussed in her brief, should be changed. In support she cites: *Golden v. Golden*, 270 Cal.App.2d 401, 75 Cal.Rptr. 735 (1969); *In re The Marriage of R.M. Lukens*, 16 Wash.App. 481, 558 P.2d 279 (1976); *In re Marriage of Nichols*, 43 Colo.App. 383, 606 P.2d 1314 (1979); and decisions from other community property states in which professional goodwill is divided between the parties.

The only way existing law may be changed is through such appeals. Indeed, the Supreme Court of Texas may choose to grant writ of error and change the law in this case. We find that an appeal such as this one, in which the party seeks in good faith to change existing law and there is no evidence that the appeal was taken for delay, is not an appeal brought "without sufficient cause." TEX.R.APP.P. 84. Had appellant not acknowledged and adequately discussed existing law in her brief our decision on this issue could have been differ-

ent. Appellant's cross point is overruled. The trial court's judgment is AFFIRMED.

---

**3.** We question the fairness of the result in *Nail.* Although, as *Nail* states, professional goodwill may not have value independent of the professional who owns the business, it is still an asset which may increase in value during the marriage. Why should the spouse be barred from participating in this asset's increase at the marriage's termination?

The *argument that goodwill does not exist* independently from the professional, in our opinion, is not a compelling reason for the rule

in *Nail.* Goodwill which accrues during marriage can be ascertained, and therefore divided by the trial court. TEX.FAM.CODE ANN. § 3.63. Thus, it seems that the law should permit such apportionment if the value of the professional's goodwill which accrued during the marriage can be ascertained. *See Golden v. Golden,* 270 Cal.App.2d 401, 75 Cal.Rptr. 735, 738 (1969). However, modification of *Nail* is a task for the Supreme Court of Texas, and we decline to do so here.