
FILED
COURT OF APPEALS
STATE OF WASHINGTON

2016 JUN -6 AM 9: 1

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 73746-5-I |
| KENNETH S. MORELLI, | DIVISION ONE |
| Respondent, and | UNPUBLISHED OPINION |
| LILY MORELLI, | FILED: June 6, 2016 |
| Appellant. | |

LEACH, J. — Lily Morelli appeals a decree of dissolution dissolving the marriage between her and Kenneth Morelli. She challenges the trial court's characterization and valuation of Ken's Tree Service. Also, for the first time on appeal, she claims that the trial court should have included some amount for goodwill in this valuation. Substantial evidence supports the trial court's characterization and valuation. We decline to consider Lily's[1] goodwill argument because she did not raise it in the trial court. Finally, we deny Ken's attorney fee request because his financial declaration does not establish need. We affirm.

## Background

Ken and Lily began a committed intimate relationship in July 2005 and married in August 2007. Ken is a professional logger. In 1994, he started a tree

---
[1] For clarity, we refer to the parties by their first names.

service business. He initially operated this business as a sole proprietorship and converted it to a limited liability company in 2006.

The business prunes and removes trees. Ken performs much of the physical labor himself. He also prepares estimates and trains his few employees. Lily started helping with the business in 2003. She advised Ken on his business, ran errands, and provided other services. These services increased over time and during their relationship.

Ken purchased some of the business's equipment after they began their relationship and purchased additional equipment during their marriage. Lily understood that they had an oral agreement to be partners in the business. They separated on June 14, 2013.

Lily hired Michael E. Guerrero, a certified public accountant, to value Ken's Tree Service. Guerrero used one method, an income approach, relying on financial information from 1999 through 2014. This included individual and business tax returns plus profit and loss statements. He calculated the business's annual net cash flow and applied a capitalization rate. This produced a single amount for the business, with no amount segregated for tangible or intangible assets.

Guerrero testified about his expert opinion at trial and described his methodology. He explained that he started with pretax income. He then calculated an income adjustment that included a number for replacement compensation for an individual providing Ken's labor. His report, admitted for

illustrative purposes, shows that he subtracted the replacement compensation from the compensation the business reported that it paid Ken (or from zero where none was reported) to arrive at his compensation adjustment and then added owner benefits to arrive at an adjusted operating income. He then subtracted taxes, added depreciation, and subtracted capital expenditures to produce the number to which he applied a capitalization rate to calculate the value of the business.

Guerrero also used an asset approach to determine the fair market value of the business's equipment purchased between July 2005 and the time of trial.

The trial court found that Ken's Tree Service was Ken's separate property but that the depreciated value of the vehicles and equipment acquired during the committed intimate relationship and marriage was a community asset. It also found that Ken's personal services provided the primary source of income earned by Ken's Tree Service. As a result, it concluded that the business would not have value without Ken's work and was "not a divisible community asset."

The trial court valued the vehicles and equipment acquired during the marriage at $78,000 and that acquired during the period of the committed intimate relationship at $50,000. The trial court divided other community property assets and debts, including those related to rental properties.

The trial court denied Lily's request for reconsideration, and she appeals.

Analysis

Lily claims that the trial court improperly characterized and valued Ken's Tree Service. She argues that the trial court should have found the business to be community property, improperly used book value to value the business, and failed to include goodwill in its valuation. She asks this court to reverse and remand for revaluation of the business and redistribution of community assets. But Ken argues that Lily never raised the issue of goodwill at trial and that RAP 2.5(a) prevents her from doing so on appeal. He further argues that regardless, the trial court's valuation was reasonable.

This court recognizes that in a marriage dissolution case the trial court is in the best position to assess property and determine a fair division of assets and liabilities.[2] We review de novo a trial court's characterization of property as separate or community.[3] We review the trial court's valuation of property in a marriage dissolution case as a fact issue[4] using an abuse of discretion standard.[5]

Lily challenges the trial court's decision that Ken's Tree Service is Ken's separate property. RCW 26.16.010 defines property acquired by a spouse before marriage as that spouse's separate property. When a trial court determines the parties had a committed intimate relationship, a court evaluates

---

[2] In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999) (quoting In re Marriage of Hadley, 88 Wn.2d 649, 656, 565 P.2d 790 (1977)).
[3] In re Marriage of Mueller, 140 Wn. App. 498, 503-04, 167 P.3d 568 (2007).
[4] In re Marriage of Lukens, 16 Wn. App. 481, 486, 558 P.2d 279 (1976).
[5] In re Marriage of Campbell, 22 Wn. App. 560, 562, 589 P.2d 1244 (1978).

the interest of each party in property acquired during the relationship and makes a just distribution of that property as if it were community property.[6]

Lily does not challenge the trial court's finding that Ken established Ken's Tree Service in 1994, over a decade before her relationship with Ken began. Because Ken acquired this asset before his relationship with Lily began, the trial court correctly found it to be Ken's separate property.

Lily claims that In re Marriage of Fleege[7] supports her position that the trial court should have valued the business as a community asset. In Fleege, the Washington Supreme Court decided that the goodwill of a dental practice acquired during marriage was an asset subject to division as community property of the parties. The court rejected the husband's argument that any goodwill in the dental practice was nominal and should not be included in community asset distribution.[8] Because the dental practice was acquired during the parties' marriage, Fleege does not support Lily's characterization argument.

Lily also asserts that the trial court improperly valued Ken's Tree Service at its book value, accounted for only six of the eight years the community acquired assets for the business, and improperly adjusted downward the values her expert assigned to some of these assets. Lily correctly notes that courts have rejected book value, the "value of the corporation as shown on the books of

---

[6] Soltero v. Wimer, 159 Wn.2d 428, 433, 150 P.3d 552 (2007) (quoting In re Pennington, 142 Wn.2d 592, 602, 14 P.3d 764 (2000)).

[7] 91 Wn.2d 324, 588 P.2d 1136 (1979).

[8] Fleege, 91 Wn.2d at 325.

account after subtracting liabilities," as an accurate measure of a corporation's actual value.[9] This court has decided that when a trial court has accepted a book value as a business's value after acknowledging that it also has a market value, the court erred because its valuation did not include the intangible value of the business.[10]

But, here, the trial court did not value Ken's Tree Service at book value. After rejecting Lily's argument that the entire business was a community asset, it concluded that certain business equipment and vehicles should be treated as community assets. It assigned values to those assets based on Guerrero's testimony with adjustments. It took the value of these business assets into account when it divided the community property. The trial court thus did not use a book valuation method to assign value to the business.[11]

Lily also claims that the trial court accounted for only six rather than eight years of equipment purchased. The trial court found that equipment and vehicles accumulated during the parties' committed intimate relationship and their marriage constituted community property but used Guerrero's values only for assets purchased between 2006 and 2011. It did not include any assets for 2012

---

[9] In re Marriage of Berg, 47 Wn. App. 754, 755 n.1, 737 P.2d 680 (1987) (citing Jones v. Harris, 63 Wn.2d 559, 562, 388 P.2d 539 (1964)).

[10] Berg, 47 Wn. App. at 757-58.

[11] In its oral ruling, the trial court had added additional value to the business, $50,000, to reflect "other value in the business" that is "difficult to quantify." This suggests it attributed an intangible value to the business. But later it ordered $50,000 to be paid for assets acquired by the business during the period of the intimate relationship from 2005 to 2007 and did not reference any intangible value. It later stated that the identical figure was just a coincidence.

because no purchases were made in that year. Lily apparently contends that the trial court should have valued equipment from July 1, 2005, when the trial court found Lily and Ken's intimate relationship began, to the time they separated in June 2013. Ken testified that Lily participated in the company beginning only in 2006 and that equipment was not purchased in 2013 until after the parties' separation. Thus, the trial court did not abuse its discretion.

Lily asserts that the trial court arbitrarily reduced the depreciated value of certain equipment by $4,000 without justification, aside from that it "felt that Mr. Guerrero's depreciated value figure was simply too high." But Ken also testified to certain equipment's depreciated value. Because substantial evidence supports these adjustments, Lily's challenge to them fails.

Finally, Lily argues that Fleege[12] and In re Marriage of Hall[13] require that the trial court include an amount for goodwill in its valuation of Ken's Tree Service. We agree with Ken's argument that Lily's failure to raise this issue in the trial court or present evidence of goodwill value at trial defeats her argument on appeal.[14]

---

[12] Fleege, 91 Wn.2d at 325.
[13] 103 Wn.2d 236, 692 P.2d 175 (1984).
[14] RAP 2.5(a) states,
The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently

In her reply brief, Lily asserts that because her expert used an income approach to value the business, which applied a capitalization rate to adjusted net cash flow figures, she asked the court to value intangible assets, including goodwill, and did not waive the issue. She argues that the income approach Guerrero used is the same as the straight capitalization approach the Hall court authorized as a method to value goodwill.[15] That case explains that once a trial court determines average net profits and those are capitalized at a definite rate, "[t]his result is considered to be the total value of the business including both tangible and intangible assets. To determine the value of goodwill the book value of the business' assets are subtracted from the total value figure."[16] But in this case, Guerrero did not testify to a book value that could be subtracted from his total value to produce a value for goodwill. And Hall does not support the argument that a party provides evidence of goodwill value merely by employing a certain valuation approach without allocating a specific amount for goodwill. Because Lily did not raise the issue of goodwill until this appeal or present evidence that would permit the trial court to value it, Lily's claim about goodwill fails.

---

developed to fairly consider the ground. A party may raise a claim of error which was not raised by the party in the trial court if another party on the same side of the case has raised the claim of error in the trial court.

[15] See Hall, 103 Wn.2d at 243-44.

[16] Hall, 103 Wn.2d at 244.

Ken asks for attorney fees on appeal. RCW 26.09.140[17] provides this court with discretion to award fees after considering the arguable merit of the issues raised and the parties' financial resources after their timely filing of a financial declaration.[18] Ken has filed a financial declaration, and Lily has not. Because Ken appears to have sufficient resources to pay the $5,000 he has incurred for attorney fees on appeal, we deny his request.

Conclusion

The trial court properly concluded that Ken's Tree Service was Ken's separate property. Substantial evidence supports the trial court's valuation of the business assets acquired during the parties' relationship. Lily failed to preserve her goodwill argument for appeal. Additionally, she presented no evidence from which the trial court could have valued any business goodwill. We exercise our discretion under RCW 26.09.140 and decline to award Ken requested attorney fees. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, J._                    _Cox, J._

---

[17] RCW 26.09.140 states in pertinent part,
    Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.
[18] In re Marriage of Raskob, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).