**The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of V.H., a Child,**

**and concerning P.H., Respondent–Appellant,**

**and**

**J.H., Respondent–Appellee.**

**In re the MARRIAGE OF P.H., Appellant,**

**and**

**J.H., Appellee.**

**Nos. 86CA1391, 87CA0110.**

Colorado Court of Appeals, Div. I.

Dec. 3, 1987.

Rebecca Parker, Asst. Co. Atty., Commerce City, for petitioner-appellee.

Gordon & Marschhausen, Pamela A. Gordon, Denver, for appellant P.H.

No appearance for appellee J.H.

ENOCH, Chief Judge.

This appeal arises out of a dissolution of marriage case, district court no. 84DR2334

(Court of Appeals No. 87CA0110), and an action in dependency and neglect, district court no. 85JN0067 (Court of Appeals No. 86CA1319). We have consolidated the cases for appeal.

In the dissolution of marriage case, P.H. (the mother) appeals the order of the trial court awarding permanent custody of her minor daughter, V.H., to J.H., (the father) and awarding her $125 per month in maintenance. We affirm that order.

In the dependency and neglect action, the mother appeals the suspension of her visitation with the child. Finding the matter moot, we dismiss that appeal.

On November 19, 1984, the mother initiated district court action no. 84DR2334 for dissolution of her marriage to the father. That action was still pending when, on March 26, 1985, the Adams County Department of Social Services filed a petition in dependency and neglect in the juvenile division of the same court. The child was removed to a foster home, was adjudicated dependent and neglected, and a treatment plan was adopted.

On December 31, 1985, the judge of the division of the district to whom 84DR2334 was assigned, certified all issues pending in that case to the judge who was assigned to hear the juvenile matter. After a hearing, the judge who then had both cases before him issued a decree dissolving the marriage and entered an order awarding custody and maintenance in the dissolution case.

The mother first contends that the court erred as to the amount of maintenance awarded by failing properly to consider the father's ability to pay, pursuant to § 14–10–114(2)(f), C.R.S. (1987 Repl.Vol. 6B). We find no error.

■ An award of maintenance is within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed. *In re Marriage of Martin,* 707 P.2d 1035 (Colo.App.1985). The father's financial affidavit reveals a gross monthly income of $1,750 and monthly expenses totalling $1,653, which included a designation of $200 per month for child support. The record supports the court's

finding that "[t]here's not enough money in this particular case to go around...." Because there is evidence to support the award, the order will not be disturbed on appeal.

■ The mother also contends that the court erred in awarding permanent custody in the dissolution case. She argues that, because the dependency and neglect case remains open and active, there is a potential that conflicting orders will be issued. We perceive no present error.

Both the dissolution and the dependency and neglect cases are before the same judge. On August 18, 1986, a hearing was held in both cases and the court, ruling in the dependency and neglect case, found that the father was a fit and proper custodian and ordered custody of the child returned to him. The court then awarded custody to the father in the dissolution case. Thus, the current orders are not in conflict; and we must presume that such will continue to be the case. Until an actual conflict exists, there is no case or controversy that we need to resolve. *See Tippett v. Johnson*, 742 P.2d 314 (Colo.1987).

Finally, in her opening brief, the mother argues that the trial court erred in suspending visitation and in not inquiring into conditions in the home of the child's aunt. In her reply brief, however, the mother confesses that the trial court since has resolved these issues. Therefore, these issues are now moot.

The appeal in Court of Appeals no. 86CA1391 is dismissed as moot.

The judgment in Court of Appeals no. 87CA0110 is affirmed.

VAN CISE and BABCOCK, JJ., concur.