[No. 6501–1. Division One. June 11, 1979.]

*In the Matter of the Marriage of* NANCY
M. KAPLAN, *Appellant, and* ROBERT
D. KAPLAN, *Respondent.*

*Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz* and *Donald J. Horowitz,* for appellant.

504

*Casey, Pruzan, Kovarik & Shulkin* and *Carl Pruzan,* for respondent.

JAMES, J.—Nancy and Robert Kaplan were married in 1962 and have three children, ages 11, 6 and 5. They lived separate and apart starting in July 1976 until their marriage was dissolved in March 1978. Mrs. Kaplan appeals from the property settlement and support decree.

Mr. Kaplan has been with the law firm of Bogle & Gates since 1969 and has been a "special partner" since January 1975. Unlike a general partner, a special partner has no ownership interest in the firm's assets. The principal issue on appeal is whether Mr. Kaplan possesses professional goodwill as an item of property which should have been disposed of in the property settlement decree.

The trial judge found that lawyers in general do not possess goodwill as an item of property. Alternatively, he found that, assuming lawyers in general could have goodwill, Mr. Kaplan does not have any.

Subsequent to the trial judge's decision in this case, the courts of this state decided three cases pertaining to professional goodwill as property for purposes of marriage dissolution.

In December 1978, this court decided *In re Marriage of Campbell,* 22 Wn. App. 560, 589 P.2d 1244 (1978). There, we held that a manufacturer's sales representative business has goodwill despite having no physical assets and not being a salable enterprise. In January 1979, the Washington Supreme Court held that a dentist has professional goodwill and listed factors which are to be considered in estimating the value of that goodwill. *In re Marriage of Fleege,* 91 Wn.2d 324, 588 P.2d 1136 (1979).

Division Three of this court decided in March 1979 that an attorney can have goodwill. *In re Marriage `of*

*Freedman,* 23 Wn. App. 27, 592 P.2d 1124 (1979). We agree with the *Freedman* court that even though there is respectable authority for a contrary conclusion, that issue is foreclosed by *In re Marriage of Fleege, supra.* Whether a particular attorney has goodwill and the value of his goodwill are questions of fact. *In re Marriage of Freedman, supra.*

Neither the trial judge nor counsel had the benefit of the above three cases at the time this case was tried. The trial judge did not consider all of the factors detailed in *Fleege* and *Freedman* in reaching his alternative finding that Mr. Kaplan has no goodwill. Therefore, we remand for the taking of additional evidence and reconsideration by the trial judge. *In re Marriage of Freedman, supra.* We expressly note that he is not precluded from making the same finding upon remand.

 Mrs. Kaplan contends the trial judge erred in not ordering child support through higher education. We find no merit to this contention. The child support provisions were by agreement of the parties and the findings so state. Mrs. Kaplan cannot complain that the trial judge abused his discretion by incorporating what she had agreed to in the decree.

Neither party will be awarded attorney's fees on appeal; costs will abide the final determination in the trial court.

The portion of the property settlement decree pertaining to professional goodwill is reversed and remanded for proceedings consistent with this opinion. The remainder of the decree is affirmed.

ANDERSEN and DORE, JJ., concur.