[No. 18013-1-III. Division Three. April 18, 2000.]
*In the Matter of the Marriage of* DINA MARIE SUPPLE SKARBEK, *Respondent,* and JOHN PETER SKARBEK, *Appellant.*

*Rene Erm II* of *Reese, Baffney, Schrag & Frol, P.S.*, for appellant.

*Michael S. Mitchell*, for respondent.

SWEENEY, J. — A rebuttable presumption arises that property acquired during marriage with separate funds is a gift to the community. *In re Marriage of Hurd*, 69 Wn. App. 38, 51, 848 P.2d 185 (1993). But depositing separate funds in a joint bank account is not an acquisition of property; therefore, no presumption attaches. John Skarbek deposited separate funds in a joint account. But he then traced and identified the separate funds. The court classified those funds as community property. This was error and so we reverse and remand.

## FACTS

John and Dina Skarbek were married in 1994 and separated in 1997. In between, the couple moved to Walla Walla, Washington.

When he got married, Mr. Skarbek had deposits in three bank accounts. When they moved across country, he closed these accounts and transferred $4,000 into a joint checking account and $30,059.21 into a joint savings account in Washington. An additional $18,000 in community funds was deposited in the joint savings account.

Ms. Skarbek did not work outside of the home. Mr. Skarbek's paycheck was deposited in the joint savings account. The couple paid most of their living expenses by credit card, and transferred funds monthly from savings to checking to pay the bills. Gifts, tax refunds, and presents were also deposited into the joint savings.

A hearing was held to divide the property. Mr. Skarbek claimed the start-up funds for these joint accounts were his separate property. He traced $46,000 of his separate funds to the court's satisfaction. The court characterized this amount as Mr. Skarbek's separate property and awarded it to him in the property distribution. The court characterized the remainder as community property and awarded Ms. Skarbek half, or $19,200.

Ms. Skarbek moved for reconsideration, asserting the entire amount in both accounts was community property and requesting an equal division.

In a letter opinion, the judge reversed his ruling. Relying on *Hurd*, the court determined that, by transferring his separate funds into joint accounts, Mr. Skarbek created the presumption of a gift to the community, and that Mr. Skarbek had failed to produce sufficient evidence to rebut the presumption.

The court issued amended findings of fact, conclusions of law, and decree awarding Ms. Skarbek an additional $23,000, half of the traced funds.

Mr. Skarbek appeals. This court is asked to determine whether Mr. Skarbek can claim as his separate property traceable funds in a joint account.

## DISCUSSION

■ Standard of Review. We review findings of fact for substantial evidence. But the court's classification of property as separate or community is a question of law. *In re Marriage of Martin*, 32 Wn. App. 92, 94, 645 P.2d 1148 (1982).

Ms. Skarbek urges this court not to address the merits because Mr. Skarbek did not specifically assign error to amended finding of fact 2.8 which characterizes the accounts as community property. However, the "finding" that the funds were community property is not a finding of fact, it is a conclusion of law. *Id.* at 94-95.

■ Property Acquired Before Marriage. The character of property as separate or community is established at the point of acquisition. Property acquired by the husband before marriage is his separate property. RCW 26.16.010; *Hurd*, 69 Wn. App. at 50.

■ ■ Once established, separate property retains its separate character unless changed by deed, agreement of the parties, operation of law, or some other direct and positive evidence to the contrary. *In re Estate of Witte*, 21 Wn.2d

112, 125, 150 P.2d 595 (1944); *In re Estate of Madsen*, 48 Wn.2d 675, 676-77, 296 P.2d 518 (1956). Separate property will remain separate property "through all of its changes and transitions" so long as it can be traced and identified. *Witte*, 21 Wn.2d at 125; *Baker v. Baker*, 80 Wn.2d 736, 745, 498 P.2d 315 (1972); *In re Marriage of Pearson-Maines*, 70 Wn. App. 860, 865, 855 P.2d 1210 (1993). The burden is on the spouse asserting that separate property has transferred to the community to prove the transfer by clear and convincing evidence, usually a writing evidencing mutual intent. *In re Marriage of Shannon*, 55 Wn. App. 137, 140, 777 P.2d 8 (1989).

Commingled Funds. Separate property retains that character when it is brought to Washington from another state. *Rustad v. Rustad*, 61 Wn.2d 176, 179, 377 P.2d 414 (1963). Separate property brought to this state by a married man and intermingled with funds accumulated here, with no effort to keep them separate, becomes community property. *Mumm v. Mumm*, 63 Wn.2d 349, 352, 387 P.2d 547 (1963). Commingled funds are thus presumed to be community property. And the burden is on the spouse claiming separate funds to clearly and convincingly trace them to a separate source. *In re Estate of Binge*, 5 Wn.2d 446, 466, 105 P.2d 689 (1940); Harry M. Cross, *Community Property Law in Washington (Revised 1985)*, 61 WASH. L. REV. 13, 55-56, 62 (1986).

■ However, only when money in a joint account is hopelessly commingled and cannot be separated is it rendered entirely community property. *Pearson-Maines*, 70 Wn. App. at 866. If the sources of the deposits can be traced and identified, the separate identity of the funds is preserved. *Id.* at 867.

■ The name under which property is held does not constitute direct and positive evidence determinative of whether the property is community or separate. *Hurd*, 69 Wn. App. at 51; *In re Estate of Deschamps*, 77 Wash. 514, 518, 137 P. 1009 (1914). Making a spouse a signatory on a bank account does not automatically convert separate funds

therein into community property. In *Pearson-Maines*, for example, the husband was made signatory on the wife's accounts, but her traceable funds, nevertheless, remained separate. 70 Wn. App. at 864, 866-67.

Nothing in *Hurd* is in conflict with this well-settled law:

- Funds are characterized as separate or community at acquisition. *Hurd*, 69 Wn. App. at 50.

- Separate property acquired before marriage remains separate unless its character is changed. *Id.*

- Commingled funds become community property when they cannot be traced or identified. *Id.*

- The name under which property is held is not determinative of a change of character. *Id.* at 51.

Property Acquired During the Marriage. Property acquired during the marriage has the same character as the funds used to buy it. *In re Marriage of Zahm*, 138 Wn.2d 213, 223, 978 P.2d 498 (1999); *In re Marriage of Short*, 125 Wn.2d 865, 870, 890 P.2d 12 (1995); Cross, *supra*, at 27-28. The presumption is that it is community property. And the party asserting otherwise has the burden of proving it was acquired with separate funds. *Pearson-Maines*, 70 Wn. App. at 868 (citing Cross, *supra*, at 62).

What we have here is property acquired before, not during, the marriage. Ms. Skarbek does not dispute that Mr. Skarbek accumulated these funds prior to the marriage. The money was, therefore, his separate property at the date of acquisition. It, therefore, remained his separate property unless its character was changed by mutual agreement. But Mr. Skarbek lost the benefit of the presumption and assumed the burden of proving the separate character of the funds when he put the money into an account where it was commingled with community funds. He then met this burden by establishing and tracing, clearly and convincingly, the separate source of the funds.

He did this by exhaustively documenting the details of the bank account activity. The court was satisfied with his

accounting and his tracing of $46,000 as continuously separate property. The court correctly characterized this money as Mr. Skarbek's separate property in its findings of fact, conclusions of law, and decree of September 25, 1998.

No Presumption of a Gift. A rebuttable presumption arises that property acquired with separate funds during the marriage is presumed to be a gift to the community. *In re Marriage of Hurd*, 69 Wn. App. 38, 51, 848 P.2d 185 (1993); *Pearson-Maines*, 70 Wn. App. at 868. The parties and the trial court mischaracterize the bank accounts as property acquired during the marriage and put in joint names. The Skarbeks are fighting over money, not bank accounts. The transaction here is not the same as buying stocks or bonds or land. They did not "buy" a bank account. He deposited money in an account. The accounts were established during the marriage. But the money in those accounts was acquired before the marriage.

If Mr. Skarbek had spent his money on an unrelated asset and put that asset in Ms. Skarbek's name, the rebuttable presumption would have attached. Only then would he have the burden of rebutting this presumption by providing an explanation for the transfer sufficient to convince the court that the true intention of the parties was to keep the property separate. *Hurd*, 69 Wn. App. at 50; *Pearson-Maines*, 70 Wn. App. at 868; *Deschamps*, 77 Wash. 514.

He did not do that. The property in dispute is the traceable funds acquired before the marriage. Mr. Skarbek does not dispute the community character of all funds earned and deposited in the account after the marriage. The $46,000 Mr. Skarbek brought to the marriage remains his separate property.

Remand Is Required. Remand is required when it appears the trial court's division of the property was dictated by a mischaracterization of the separate or community nature of the property. *Shannon*, 55 Wn. App. at 142. Here, the court reversed its ruling based on its characterization alone.

Attorney Fees. Ms. Skarbek requested her attorney fees

and costs on appeal. One of her reasons, that the appeal was frivolous, fails. The second reason was the relative ability of the parties to pay. RCW 26.09.140; RAP 18.1. The trial court awarded Ms. Skarbek fees in the first decree in lieu of maintenance. It denied her fees in the amended decree we are reviewing. The fee determination should be made by the trial court on remand. If the trial court finds fees are appropriate based on need and ability to pay, fees on appeal should be included.

We reverse and remand for further proceedings.

BROWN, A.C.J., and SCHULTHEIS, J., concur.