FILED
COURT OF APPEALS
DIVISION II

2014 AUG 26 AM 11: 36
OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of: | No. 43660-4-II<br>consolidated with<br>No. 44504-2-II |
| TERESA GERETTE HARKENRIDER, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| CHRISTOPHER ALAN WODJA, | |
| Appellant. | |

MELNICK, J. — Christopher A. Wodja appeals the entry of several orders filed in this post-dissolution proceeding. We hold that the trial court did not abuse its discretion in entering these post-decree orders. We affirm and grant Teresa Harkenrider's request for attorney fees on appeal.

## FACTS

Wodja and Harkenrider were married in 2004 and had two children before they divorced in December 2011. After a four-week trial in which more than 30 witnesses testified, the trial court granted Harkenrider primary residential custody of the children and denied Wodja all residential time until he completed one year of psychotherapy and an anger management course.

On December 16, 2011, the court entered findings of fact supporting the dissolution and the parenting plan. These findings stated that it was in the children's best interest that the court retain exclusive continuing jurisdiction over the parties. The court then cited Wodja's intransigence throughout the case, including a misleading phone call to police about his family and a frivolous contempt motion, and added that he increased the cost of litigation by lying about Harkenrider's alcohol consumption. This intransigence offset any award of attorney fees based

on need and ability to pay. The court rejected a finding that Harkenrider was alcohol dependent but, because she had occasionally consumed alcohol to excess, required her to undergo random urinalysis testing once or twice monthly until the anticipated April 27, 2012 review hearing.

With regard to Wodja's need for treatment, the court found as follows:

> Dr. Whitehill, who was called as [Wodja's] witness, does not recommend [Wodja's] contact with the children until it can be determined that [Wodja] can correct his parental deficiencies which are difficult Axis II disorders and traits. Entire sections of [Wodja's] psychological testing were invalid due to [Wodja's] defensiveness and attempts to portray himself in a [positive] light. Therefore, the court finds that [Wodja] will have no visits, residential, or contact with the children pending further order of the Court as specifically set forth in the Parenting Plan.
>
> [Wodja] failed to disclose numerous criminal incidents to both Dr. Judd and Dr. Whitehill which were arguably of a sexual nature, which were not taken into consideration in the preparation of either expert's reports. Both experts testified to [Wodja's] minimalization of incidents related to allegations of attempted rape, assault, kidnapping, and drugging of women.
>
> The Court finds Dr. Whitehill persuasive with respect to most of [Wodja's] disorders and conditions. The court also finds that it is more likely than not that [Wodja] has a sexual deviancy[.]

Clerk's Papers (CP) (43660-4-II) at 26. The court entered this finding regarding Wodja's credibility:

> The court finds that the testimony of [Wodja] was not credible in many respects. It is a manifestation of [Wodja's] disorders that he cannot accept rules and requirements of others. The way that [Wodja's] mind perverts reality and his pathological lying, mostly in failed attempts to place himself in the best light, was evident throughout the trial and his actions during litigation.

CP (43660-4-II) at 27.

Wodja made handwritten changes to the court's initial findings, which resulted in the entry of corrected findings and an award of attorney fees to Harkenrider. Wodja did not appeal any of the dissolution orders, including the parenting plan.

In February 2012, the trial court entered an order setting forth the parameters for selecting Wodja's psychotherapist and the prerequisites for his treatment. The order also provided that

> any treatment provider for [Wodja] shall be provided . . . expert reports, guardian ad litem information, criminal records related to [Wodja's] history, Department of Health records, and declarations of individuals setting forth allegations of abuse, sexual deviance, and other evidence provided to the court as a basis for restrictions [on Wodja's contact with Harkenrider and the children]. This must occur prior to commencement of any treatment for it to be acceptable to the Court.

CP (43660-4-II) at 32.

On March 16, the trial court entered an order finding that Wodja had intentionally misrepresented material facts to the court with regard to his alleged treatment with one provider. "This misrepresentation is perjurious and warrants specific note in the file, and [is] part of a repeated pattern of behavior on the part of [Wodja]." CP (43660-4-II) at 47. That order also dismissed an anger management provider whom Wodja had consulted without providing the required background information, appointed a different provider, and awarded attorney fees to Harkenrider for Wodja's intransigence. The court denied Wodja's motion for reconsideration and awarded additional fees to Harkenrider.

At the April 27 review hearing, Harkenrider informed the court that Wodja had obtained show cause orders from three court commissioners in an attempt to bring contempt motions against her. Consequently, the court entered an order intended to alert other judicial officers that, pursuant to its findings of fact and conclusions of law entered on December 16, 2011, the trial judge retained exclusive jurisdiction to hear all future matters concerning this case and family.

During the same April hearing, the trial court reviewed the issue of Harkenrider's ongoing requirement to submit to random urinalysis testing. The court relieved Harkenrider of

3

that obligation after finding that she did not inappropriately miss any tests and that her absences were related to the fact that she was scheduled for urinalysis testing at another facility. The court then ruled that Paula van Pul and Bill Kohlmeyer would be counseling Wodja. On May 11, 2012, the court entered an order clarifying that van Pul could address domestic violence issues raised in an earlier evaluation and stating that a new anger management provider was necessary due to Kohlmeyer's withdrawal.

On June 8, 2012, the trial court heard Wodja's motion for reconsideration of its April 27 order. The court refused to consider the new materials that Wodja filed the day before the hearing. The court denied Wodja's motion for reconsideration, found that the motion was made in bad faith, and awarded Harkenrider $2,500 in attorney fees.

On June 15, 2012, the trial court heard argument on Wodja's motion for clarification of the dissolution decree so that it would include the vehicle identification number (VIN) of a car that had been awarded to him. Harkenrider argued that the motion was unnecessary and part of Wodja's constant efforts to harass her. She stated that Wodja did not need the VIN to obtain title but that she would have signed a proposed order disclosing the VIN. She added:

> all of the fees we have requested up until now have been related to intransigence and the fact that [Wodja] does everything within his power to make this matter more difficult than it already is.

Report of Proceedings (RP) (June 15, 2012) at 35. The trial court issued an order designating Wodja as the title owner of the vehicle and awarding Harkenrider $500 in attorney fees.

At the same hearing, the trial court reserved its ruling on Harkenrider's "Motion and Declaration for Finding of Vexatious Litigation/Restraints/Sanctions & Fees." CP (43660-4-II) at 293. Harkenrider stated in an accompanying memorandum that Wodja's abuse of the court process had cost her more than $16,000 in attorney fees since entry of the dissolution decree.

4

On June 21, 2012, the trial court issued an order concluding that Wodja had engaged in vexatious litigation. The order included extensive findings of fact and required Wodja to seek leave of the court before submitting any new pro se filings other than those seeking modification of the parenting plan. The order also barred Wodja from filing future pleadings concerning Harkenrider's alleged issues with alcohol or drugs based on events that preceded the April 27 order. Finally, the order imposed an additional $2,000 in attorney fees against Wodja for bad faith not previously sanctioned.

On June 22, 2012, the court entered an order appointing Diane Shepard to serve as Wodja's anger management provider. On August 3, 2012, Wodja brought a motion for visitation in which he argued that he had complied with all court-ordered requirements. Harkenrider opposed the motion, and on September 12, 2012, the trial court entered an order finding that there had not yet been a substantial change of circumstances that gave the court adequate cause to modify the parenting plan. The order reasserted that the court would retain jurisdiction over the children and the parties until the children were emancipated.

On October 12, the court denied Wodja's motion for reconsideration. On November 29, the court sent the parties a letter stating that a November 30 hearing on Wodja's motion to reinstate an earlier hearing on his motion for reconsideration would be stricken and that the court's orders of September 12 and October 12 were the final orders in the matter.

Wodja now appeals several of these post-decree orders.

## ANALYSIS

### I. STANDARD OF REVIEW

We begin our review by observing that trial court decisions in dissolution proceedings will seldom be changed on appeal. *In re Marriage of Booth (Griffin)*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990); *In re Parentage of Jannot*, 110 Wn. App. 16, 21, 37 P.3d 1265 (2002), *affirmed*, 149 Wn.2d 123, 65 P.3d 664 (2003). The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion. *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985). We will affirm the trial court's decision unless no reasonable judge would have reached the same conclusion. *Landry*, 103 Wn.2d at 809-10.

### II. ORDER ELIMINATING URINALYSIS TESTING

Wodja challenges the trial court's April 27 decision terminating the requirement that Harkenrider submit to random urinalysis testing.[1] Harkenrider requested termination after explaining that she had passed all testing and had missed two tests in Washington only because she had moved to Massachusetts and had forgotten to inform the Washington testing facility. She also explained that one sample tested as diluted because it was taken late in the day after she had consumed large quantities of water and caffeine. Harkenrider argued that there was no evidence that she had abused alcohol in any way and that Wodja's arguments to the contrary were outrageous. After Wodja insisted that Harkenrider was an alcoholic who needed further testing, the court found that she had relieved the court of its concerns about her alcohol use and that she was no longer required to take random urinalysis tests.

---

[1] Wodja's timely appeal of the denial of his motion to reconsider the April 27 order brings the order itself before us for review. RAP 2.4(c); 2A K. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE, RAP 2.4, at 215 (7th ed. 2011). Consequently, we reject Harkenrider's procedural challenge to this aspect of Wodja's appeal.

Wodja now argues that the trial court ignored declarations from experts who maintained that additional urinalysis testing was in order. The trial court did not consider these declarations because they constituted new evidence that was filed with Wodja's reply brief the day before the reconsideration hearing. Two of the declarations were based on selective information that Wodja had provided, with the third describing standard urinalysis testing procedures. We see no abuse of discretion in the trial court's decision. *See* CR 59(c) (court may permit reply affidavits).

Wodja also argues that this decision and the others under challenge show that the trial court was biased against him. A court is biased against a person's case if it has a preconceived adverse opinion with reference to the case, without just grounds or before sufficient knowledge. *In re Borchert*, 57 Wn.2d 719, 722, 359 P.2d 789 (1961). We presume that the trial court performed its functions without bias or prejudice. *In re Welfare of R.S.G.*, 174 Wn. App. 410, 430, 299 P.3d 26 (2013). The fact that the trial judge ruled adversely does not demonstrate prejudice. *See In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004) (judicial rulings alone almost never constitute showing of bias); *Rhinehart v. The Seattle Times Co.*, 51 Wn. App. 561, 579-80, 754 P.2d 1243 (1998) (judge's prior adverse rulings did not demonstrate necessary prejudice for recusal of judge). We see no evidence of bias or prejudice on the record before us.

III.     ORDER CLARIFYING TREATMENT

The trial court's order of May 11, 2012, clarified the type of domestic violence treatment that Wodja needed and described the procedures for selecting a new anger management provider after the previous provider's withdrawal. Wodja does not address this order in his opening brief and argues for the first time in his reply brief that he is actually challenging the court's earlier dismissal of a different anger management counselor. We do not address arguments raised for

7

the first time in a reply brief, particularly when they lack any citation to pertinent authority. *Cowiche Canyon Conservancy v. Bosely*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

IV.    ATTORNEY FEE AWARDS

Wodja challenges the court's awards of attorney fees to Harkenrider on June 8, 2012, and June 15, 2012. He argues that the awards were erroneously made without a showing of Harkenrider's need or his ability to pay.

We review an award of attorney fees for abuse of discretion. *Bay v. Jensen*, 147 Wn. App. 641, 659, 196 P.3d 753 (2008). When determining whether to award attorney fees, the trial court generally must balance the needs of the spouse requesting them against the ability of the other spouse to pay. *In re Marriage of Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). The court also may consider the extent to which one party's intransigence has caused the other party to incur additional legal services. *In re Marriage of Foley*, 84 Wn. App. 839, 846, 930 P.2d 929 (1997). Intransigent conduct includes obstructionist behavior, repetitive or unnecessary motions, and attempts to make the proceeding unduly difficult with increased legal costs. *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). If intransigence is established, the financial resources of the spouse seeking fees are irrelevant. *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989).

On June 8, the court heard argument on Wodja's motion for reconsideration of its April 27 order. After Harkenrider objected to the new materials that Wodja had filed, the court ruled that it would consider only the materials before it on April 27, together with the arguments and information in Wodja's motion for reconsideration and his reply brief. Wodja then complained that Harkenrider had interfered with his choice of a treatment provider and that she had substance abuse problems. Harkenrider's attorney responded:

8

This motion was not properly brought before the Court on any legitimate legal or factual basis. This is the fourth such motion filed by Mr. Wodja which follows this pattern. He has repeatedly attempted to shift the focus of the Court to issues kind of as a diversionary tactic to get the focus off of him.

. . . .

. He should be required to pay attorney's fees and costs in the amount of $2,500 related to this action. There should be a finding that he intentionally did not confirm his motions in order to file additional materials which eventually the Court did not consider, but it did substantially delay hearing in this matter and exorbitantly increased the cost.

And although the Court is not considering the post-filed pleadings, I have to point out that, because of the materials that Mr. Wodja filed, Ms. Harkenrider was placed in the position of either remaining silent, which would no doubt be interpreted as some sort of consent or agreement with what was filed, or to attempt to set the record straight. That took a great deal of time and effort.

It never should have happened. New pleadings are never to be filed on reconsideration, but she was caught in a catch-22. And so her attorney's fees, once again, have gone through the roof. Although prior orders for fees have been granted, none have been paid, and she is the one who pays the price each time these matters are delayed and have to come before the Court again.

RP (June 8, 2012) at 29-31.

The trial court agreed and entered an order denying reconsideration and requiring Wodja to pay $2,500 in attorney fees. The order stated in part as follows:

There was no proper basis for reconsideration of this matter. The Court was satisfied and remains satisfied that Ms. Harkenrider is properly relieved of any ongoing requirement for UAs. The Court finds that Mr. Wodja's motion was not brought in good faith. . . . The supplemental pleadings filed by Mr. Wodja were not procedurally or substantively proper.

CP (43660-4-II) at 323-25. We see no abuse of discretion in the trial court's decision to award Harkenrider attorney fees based on Wodja's bad faith and intransigence in filing this motion.

On June 15, the parties again appeared before the court on Wodja's motion for clarification of the decree. Wodja argued that the decree needed to include the VIN of a vehicle he had been awarded so that he could assume title. Harkenrider argued that the VIN was not necessary to transfer title and that even if it was, the matter could have been resolved by a

9

proposed order without a hearing. She argued that the current motion was one more example of Wodja's vexatious litigation.

> As we stand here today, there are two more notes for motion calendar that he has filed for next week. There was no need for this motion. We didn't have a choice but to reply. If I would have received a proposed order, assuming all it did was add a VIN number, it could have quite easily been signed, but it's not my job to create an order for him, and we know that it would have been opposed had I created an order for him.

RP (June 15, 2012) at 5. At the end of the hearing, Harkenrider requested attorney fees:

> This was a completely unnecessary motion. Had Mr. Wodja proposed such an order, even without filing a motion, it would have been signed. Had he filed a proposed order as required by local rule along with his motion, this could have been avoided. He misrepresented the facts about what is necessary to transfer the title. Ms. Harkenrider showed what she did, and that her response was unnecessary and it does warrant an award of attorney fees.

RP (June 15, 2012) at 33-34. The court awarded Harkenrider $500 in attorney fees.

Wodja now complains that the court did not explain the basis for its award, but the record makes that basis clear. We see no abuse of discretion in the trial court's decision to award Harkenrider $500 in attorney fees following the June 15 hearing.

## V. VEXATIOUS LITIGATION ORDER

On June 21, 2012, the court entered findings of fact, conclusions of law, and an order regarding Wodja's vexatious litigation. Wodja now argues that the court's findings were not supported by substantial evidence.

We review a trial court's order limiting a party's access to the court for an abuse of discretion. *Bay*, 147 Wn. App. at 657. A trial court has the power to provide for the orderly conduct of proceedings before it. RCW 2.28.010(3). A court may enjoin a party from engaging in litigation upon a "'specific and detailed showing of a pattern of abusive and frivolous litigation.'" *Yurtis v. Phipps*, 143 Wn. App. 680, 693, 181 P.3d 849 (2008) (quoting *Whatcom*

10

*County v. Kane*, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). Proof of mere litigiousness is insufficient to warrant limiting a party's access to the court. *Yurtis*, 143 Wn. App. at 693. Although trial courts may place reasonable restrictions on litigants who abuse the judicial process, courts must be careful not to issue a more comprehensive injunction than necessary. *Yurtis*, 143 Wn. App. at 693. We review a trial court's findings of fact for substantial evidence. *In re Marriage of Skarbek*, 100 Wn. App. 444, 447, 997 P.2d 447 (2000).

The court found that Wodja's intent in filing untimely, unresponsive, and unfounded pleadings was to create expense for Harkenrider and constituted harassment. Support for this finding included Wodja's actions in changing court orders in a manner that required their re-drafting and re-presentment; obtaining a treatment provider without court authorization and without disclosing the appropriate background materials; pursuing contempt orders before the commissioner's court despite knowing that the trial court had retained jurisdiction over all matters for this family; offering ex parte communication to the court and improperly providing parts of e-mails from Harkenrider's attorney to third parties and the court; seeking reconsideration of the March 16 order without providing new information or any legal basis for reconsideration; seeking CR 11 sanctions against Harkenrider; failing to consolidate a renoted motion for reconsideration with the already existing April 27 review hearing, resulting in a separate hearing on April 20; responding to Harkenrider's pleadings concerning the April 27 hearing with numerous false hearsay statements; seeking reconsideration of specific findings made on April 27 with no proper factual basis; creating confusion over the type of treatment required; proposing a treatment provider to which Harkenrider had agreed without circulating an agreed order; and noting a motion on June 15 for inclusion of a VIN number without submitting an agreed order. The court also found that Wodja had not paid any of the $5,870 in attorney fees

11

previously assessed against him; this assessment "has not been effective as a sanction to the bad faith conduct of Mr. Wodja." CP (43660-4-II) at 392.

In its conclusions of law, the trial court imposed an additional $2,000 in attorney fees against Wodja and ordered him to seek leave before filing any new pro se motions other than a motion to modify the parenting plan. The court's order barred Wodja from filing further motions concerning Harkenrider's alleged issues with alcohol and/or drugs based on history or events that predated the April 27 order, and it prohibited him from engaging in ex parte contact with the court or court staff.

The record documents Wodja's actions and provides ample support for the trial court's findings regarding his vexatious litigation. The court restricted but did not completely enjoin Wodja's access to the courts, and we see no abuse of discretion in the restrictions it imposed. *See In re Marriage of Giordano*, 57 Wn. App. 74, 77, 787 P.2d 51 (1990) (there is no unlimited right of access to courts; all that is required is a reasonable opportunity to be heard).

VI.    ORDER APPOINTING ANGER MANAGEMENT COUNSELOR

On June 22, 2012, the court issued an order appointing Diane Shepard as Wodja's anger management counselor. Wodja challenges this order for the first time in his reply brief without citing any legal authority. We need not consider this claim of error further. *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.

VII.    ORDER ON MOTION FOR VISITATION

On September 12, 2012, the trial court entered an order finding that there was no adequate cause and no substantial change in circumstances that warranted modifying the

parenting plan to allow Wodja visitation rights. Wodja argues that this order is untenable and constitutes an abuse of discretion.[2]

One of Wodja's objections to the order concerns the court's explanation that it would retain jurisdiction over the parties and their children until the children reached emancipation. Wodja objects to this retention of jurisdiction for the first time, even though the trial court included similar statements in the findings supporting the dissolution decree and its April 27 order. Wodja appears to argue that this retention of jurisdiction is improper because the children now live in Massachusetts. Having made the initial custody determination, the Pierce County Superior Court retains jurisdiction over further custody determinations in this case while Wodja continues to reside in Washington. RCW 26.27.211(1)(b). And, given the complex history of this case, we see no abuse of discretion in the court's decision to retain exclusive jurisdiction over future custody proceedings. RCW 2.28.010(3).

As for the court's substantive ruling, the parenting plan stated that the court would be willing to review a petition to modify due to a substantial change in circumstances, "i.e., an improvement in [Wodja's] condition through progress in his treatment and behavior that would allow a change in the no contact with the children provision that is the result of trial." CP 5; *see* RCW 26.09.260 (setting forth requirements for major and minor modifications of parenting plans); RCW 26.09.270 (explaining that petitioner must file affidavits establishing that adequate cause for modification exists to warrant hearing).

---

[2] Wodja also takes issue with a declaration that Harkenrider's attorney filed in response to his motion for visitation. The trial court struck the improper legal argument from that declaration; we see no error and no cause to discharge the attorney from this case.

13

In finding no change that would justify visitation between Wodja and his children, the court first observed that many declarations Wodja had offered were not relevant, either because they were disclosed during trial or were the result of selective information Wodja had provided. The court emphasized that its prior rulings were final with respect to past history and that it would modify the parenting plan based only on substantial changes of circumstances occurring since the final order. "Mr. Wodja's continued attempts to change the court's final rulings regarding Ms. Harkenrider are seriously misguided and further evidence of Mr. Wodja's unhealthy personality traits which give the court concern for the children." CP (44504-2-II) at 97.

The court then observed that the key evidence before it was provided by Diane Shepard and Paula van Pul, Wodja's two treatment providers. Shepard reported that Wodja had learned what was necessary to manage his anger and that it was up to him to appropriately apply what he had learned. Paula van Pul reported that Wodja had been in counseling for four months and had begun to make progress. Although she initially submitted a letter without any recommendation, she filed a second letter supporting visitation. The court's review of van Pul's progress notes and letters revealed that "the changes hoped for are just now beginning to be made." CP (44504-2-II) at 99.

The court noted that it had observed very little change in Wodja's ability to manage his anger or change his focus about issues involving the children and proper parenting since entry of the final parenting plan. The court also noted that it would be extremely detrimental to attempt reconciliation and a resumption of visitation only to have "prior behaviors, attitudes and actions again cause an interruption of the child-parent bond, because Mr. Wodja was unable to sustain a change to sometimes immutable personality characteristics." CP (44504-2-II) at 100. The court

14

concluded that Wodja had "just begun to indicate that he can manage his anger. The best the court can discern from the evidence, from the relevant experts, and from the court record with the court's prior rulings, [is that] Mr. Wodja has at most a few weeks, if that, of making appropriate choices despite his anger and self-focus." CP (44504-2-II) at 100. Although Wodja had made "a modicum of progress," the court declined to enter a temporary order allowing visitation. CP (44504-2-II) at 96. The court added that if Wodja's progress continued, sufficient to constitute a substantial change in circumstances, he should submit a petition to modify the parenting plan and note the adequate cause hearing.

We see no abuse of discretion in the trial court's determination that there was not yet adequate cause to modify the parenting plan and to allow Wodja visitation. Nor do we see any abuse of discretion in the October 12, 2012 order denying Wodja's motion for reconsideration. 2 CP 148. In seeking reconsideration, Wodja submitted another letter from van Pul in which she recommended limited visitation based on her review of the court's decision. 2 CP 124. The court was not bound by this recommendation. *In re Marriage of Swanson*, 88 Wn. App. 128, 138, 944 P.2d 6 (1997) (quoting *McDaniels v. Carlson*, 108 Wn.2d 299, 312-13, 738 P.2d 254 (1987)); *In re Marriage of Pilant*, 42 Wn. App. 173, 180, 709 P.2d 1241 (1985). Finally, we see no error in the court's decision to strike a subsequent hearing on Wodja's motion for reconsideration after it had already denied reconsideration.

VIII.   ATTORNEY FEES ON APPEAL

Harkenrider seeks an award of attorney fees based on Wodja's filing of a frivolous appeal. RAP 18.9. An appeal is frivolous if it presents no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal. *Reid v. Dalton*, 124 Wn. App. 113, 128, 100 P.3d 349 (2004) (quoting *Fay v. Nw.*

15

*Airlines*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990)).  Finding all of Wodja's issues devoid of merit, we award Harkenrider attorney fees under RAP 18.9.

We affirm and award Harkenrider attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.