**AFFIRMED; Opinion Filed July 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00586-CV

### LEE ARTHUR BUSH, Appellant
### V.
### EMMA JEAN BUSH, Appellee

### On Appeal from the 254th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-13-06120-R

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and O'Neill[1]
Opinion by Justice Evans

In this appeal from a divorce decree, Lee Arthur Bush challenges the trial court's award

of two pieces of real property to his former wife, Emma Jean Bush. In two issues, Lee contends

the trial court erred in failing to enforce a rule 11 agreement and not making findings of fact and

conclusions of law after being properly requested to do so. For the reasons that follow, we

affirm the trial court's judgment.

### BACKGROUND

Emma filed this suit for divorce in March 2013. In response, Lee filed a counter petition

for divorce and a motion to enforce a rule 11 agreement on division of property that he and

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

Emma filed in a previous divorce suit dismissed in 2006. Lee then filed a motion to transfer and consolidate this case with the prior divorce suit that was dismissed.

The trial court rendered a decision on October 9, 2013, in which it addressed both the motion to transfer and the enforceability of the rule 11 agreement. In the decision, the court noted that the prior divorce suit was dismissed by an agreed order of dismissal signed by both parties stating that the parties no longer desired to proceed.[2] The trial court then stated that because the parties agreed to the dismissal and signed the order, "all the prior proceedings are dismissed and held for naught." The court concluded the previous case did not exist for purposes of consolidation and no procedure required the case to be "reinstated into the original court."

As for the rule 11 agreement filed in the prior suit, the October 9 decision stated that, because rule 11 agreements are revocable until accepted by the court and incorporated into a final order, and that was not done in the prior case, the parties' rule 11 agreement became a nullity when the case was dismissed. The court further held that, even if the rule 11 agreement survived the dismissal, it lacked the specificity necessary for enforcement. The court noted, however, that with respect to the sale of a certain piece of property in Louisiana, and the subsequent division of proceeds from that sale, the agreement might be enforceable under "basic contractual law and theories."

The case went to trial before the court on January 7, 2015. During trial, Lee's counsel acknowledged that the court had previously found the rule 11 agreement unenforceable and stated "I'm not gonna argue it's a valid rule 11." Evidence pertaining to the agreement was limited to whether it was enforceable as an independent contract. After hearing the evidence, the

---

[2] In a footnote in his reply brief on appeal, Lee states that he submitted an affidavit one year after the trial court rendered its decision in which he testified that his signature on the agreed dismissal was forged. The affidavit is not in our record and Lee has brought no challenge to the trial court's ruling based on evidence of an alleged forgery that was submitted one year after the decision was rendered.

judge signed a "rendition" in which he set out the division of property. Due to the elected trial judge's ill health, the final decree of divorce was signed by a visiting judge. Although the divorce decree includes additional holdings, the division of property essentially tracks what was set forth in the earlier "rendition." Lee timely filed both a request for findings of fact and conclusions of law and a notice of past due findings and conclusions. No findings or conclusions were filed by the trial court. Lee now brings this appeal.

## ANALYSIS

### A. Rule 11 Agreement

In his first issue, Lee challenges the award of two pieces of real property to his former wife. Lee contends the properties were purchased with proceeds he obtained from a discrimination suit and, pursuant to the rule 11 agreement filed in the earlier dismissed divorce action, the lawsuit proceeds were his separate property.[3] Arguing that the two pieces of real property were purchased with funds that were his separate property under the rule 11 agreement, Lee asserts the trial court erred in failing to award him the two properties in the final divorce decree.[4] *See Cameron v. Cameron*, 641 S.W.2d 210, 215 (Tex. 1982) (in division of marital estate court may not divest party of separate property).

Although Lee cites several authorities for the proposition that a trial court has a duty to enforce a valid rule 11 agreement, he cites no authority, and provides no real argument, challenging the trial court's finding that the rule 11 agreement at issue could not validly be enforced in the current suit. The trial court concluded that the agreement became a nullity for purposes of the rule once the case in which it was made was dismissed. Lee addresses this conclusion summarily, and only in his reply brief, by stating "the fact that a trial court judge

---

[3] Lee does not argue the proceeds were his separate property on any basis other than the rule 11 agreement.

[4] Lee makes no argument on appeal that the agreement was enforceable as an independent contract outside of rule 11.

states what he believes the law to be simply does not make that the law." Lee does not, however, show how the trial court's conclusion is erroneous which is his burden. *See Jackson v. U.S. Fid. and Guar. Co.*, 689 S.W.2d 408, 412 (Tex. 1985) (burden on appellant to show judgment of trial court rendered erroneously); *see also Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452 (Tex. App.—Dallas 2006, pet. denied) (bare assertions of error, without argument or authority, present nothing for review).

Lee notes that there is no language in the agreement limiting its enforceability to the case in which it was made. But an agreement under rule 11 must be made in connection with a pending suit. *See* Tex. R. Civ. P. 11; *In re Guthrie*, 45 S.W.3d 719, 728 (Tex. App.—Dallas 2001, pet. denied). There is no dispute that the agreement was not made in the present suit, nor was the current suit pending when the agreement was made in the previous suit. Lee cites no authority and makes no argument that a rule 11 agreement can be enforced under rule 11 in a suit other than one to which it relates that was pending when the agreement was made.

In addition, Lee cites no authority and makes no argument challenging the trial court's finding that the rule 11 agreement as a whole lacked the specificity necessary for enforcement. Lee states only that there is nothing ambiguous about the parties' statement that the proceeds from his discrimination suit were his separate property. The portion of the agreement addressing the discrimination suit proceeds is one sentence in a four-page agreement. To be enforceable, a rule 11 agreement must be complete within itself in every material detail and contain all essential elements of the agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Lee makes no argument that the rule 11 agreement as a whole meets the requirements necessary for enforceability or that the agreement is capable of being enforced in part.

–4–

Based on the foregoing, we conclude Lee has failed to show the trial court erred in refusing to enforce the rule 11 agreement when it divided the marital estate. We resolve Lee's first issue against him.

## B. Findings of Fact and Conclusions of Law

In his second issue, Lee contends the trial court committed reversible error in failing to make findings of fact and conclusions of law after being timely requested to do so. Generally the failure to make requested findings of fact and conclusions of law is presumed to be harmful error because the absence of findings and conclusions forces the appellant to guess at the reasons the trial court ruled against him and prevents him from properly presenting his case on appeal. *See R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.). A trial court's failure to make findings of fact and conclusions of law is not harmful error, however, if the record before the appellate court affirmatively shows that the complaining party suffered no injury. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). Where the appellant in a divorce suit challenges only one aspect of the property division, and the basis for the property award is clear from the record, the appellant is not injured by the trial court's failure to make findings and conclusions. *See Guzman v. Guzman*, 827 S.W.2d 445, 447 (Tex. App.—Corpus Christi 1992, writ denied).

In this case, appellant does not contend the division of property as a whole was erroneous or unjust. He contends only that the trial court erred in awarding Emma two pieces of property because those properties were purchased with proceeds that were his separate property pursuant to a rule 11 agreement. The issue of the validity of the rule 11 agreement was decided as a matter of law months before the case was tried. Indeed, Lee's counsel specifically acknowledged that the validity of the rule 11 agreement was not at issue in the trial.[5] Therefore,

---

[5] Although evidence pertaining to the agreement was presented at trial, it was limited to whether the agreement could be enforced as an independent contract outside of rule 11. Lee brings no issue on appeal contending the trial court erred in failing to award him the properties at issue under a contract theory.

there could not be any fact findings as to that matter. Findings of fact and conclusions of law are not appropriate and serve no purpose with respect to an issue decided as a matter of law. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

Lee argues the basis for the trial court's award of the properties is not clear based on a variety of hypotheticals such as the trial court could have concluded the properties were Lee's separate property, but that he gave them to Emma as a gift. Or he asserts the court could have concluded the properties were Lee's separate property but simply awarded them to Emma in error. There is no basis in the record to support either of these hypotheticals. The only ground upon which Lee claims the properties were his separate property is the rule 11 agreement. The trial court rendered a written order months before trial stating that the rule 11 agreement was not enforceable. Because the trial court held invalid the only basis upon which Lee has claimed the real properties were his separate property, it necessarily held the properties were part of the community estate properly subject to division.

The trial court's October 9, 2013 decision set forth two specific reasons to support its conclusion that the rule 11 agreement was not enforceable in this suit. Accordingly, Lee does not have to guess at the reasons for the trial court's ruling. Even if findings of fact and conclusions of law were appropriate as to this matter, because Lee does not have to guess at the reasoning behind the trial court's ruling, he has suffered no harm by virtue of the trial court's failure to provide the requested findings and conclusions. *See Smith*, 339 S.W.3d at 766. We resolve Lee's second issue against him.

**CONCLUSION**

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

150586F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEE ARTHUR BUSH, Appellant

No. 05-15-00586-CV     V.

EMMA JEAN BUSH, Appellee

On Appeal from the 254th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-13-06120-R.
Opinion delivered by Justice Evans. Justices Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee EMMA JEAN BUSH recover her costs of this appeal from appellant LEE ARTHUR BUSH.

Judgment entered this 7th day of July, 2016.